FILED
SUPERIOR COURT
OF GUAM

2026 JUN -5 PM 2: 35

CLERK OF COURT

By:

# IN THE SUPERIOR COURT OF GUAM

| | |
|---|---|
| THOMAS J. FISHER, as Taxpayer and in his Official Capacity as a Senator of the 37th Guam Legislature,<br><br>     Plaintiff,<br><br>  v.<br><br>IGNACIO C. SANTOS, in his official capacity as a Government of Guam Federal Programs Administrator and in his private capacity, and DOES 1-5,<br><br>     Defendants. | CIVIL CASE NO. CV0392-23 |

IGNACIO C. SANTOS, in his official capacity as a Government of Guam Federal Programs Administrator and in his private capacity,

     Third-Party Plaintiff,

  v.

JON FERNANDEZ, FRANK COOPER-NURSE, in his individual capacity Chief Auditor of GDOE; K. ERIK SWANSON, Ph.D., in his official capacity as the Superintendent of the Guam Department of Education, and the GOVERNMENT OF GUAM,

     Third-Party Defendants.

**DECISION AND ORDER**

## INTRODUCTION

This matter comes before the Court on Defendant Ignacio C. Santos's Motion for Attorney's Fees pursuant to 5 GCA § 7111 following the Court's entry of summary judgment in his favor. The underlying action was brought as a taxpayer suit under Chapter 7 of Title 5 of the Guam Code Annotated, which authorizes litigation challenging the unlawful expenditure of public funds. Following his exoneration from the allegations asserted in the complaint, Santos seeks reimbursement of attorney's fees incurred in defending this action.

The Government of Guam, through the Office of the Attorney General, opposes the motion and argues that § 7111 does not authorize judicial fee awards, that sovereign immunity bars enforcement of the statute, that Guam Rule of Civil Procedure 14 provides no procedural vehicle for the requested relief, and that the fees sought exceed the statute's scope.

Having considered the motion, the opposition, the statutory framework governing Chapter 7 litigation, and the record in this case, the Court concludes that 5 GCA § 7111 does not authorize this Court to directly award attorney's fees to exonerated government defendants. However, because Santos was exonerated within the meaning of the statute, the Court further concludes that he may seek reimbursement for legal fees through the procedures established under the Government Claims Act.

## BACKGROUND

This action arises from a taxpayer suit filed pursuant to Chapter 7 of Title 5 of the Guam Code Annotated, which authorizes Guam taxpayers to challenge the unlawful expenditure of public funds by government officers and employees. *See* 5 GCA §§ 7101–7119. Plaintiff Thomas J. Fisher, in his capacity as a Guam taxpayer and Senator of the 37th Guam Legislature,

filed this action alleging that Defendant Ignacio C. Santos, a Government of Guam Federal Programs Administrator, engaged in the unlawful expenditure or misuse of public funds arising from his employment with the Government of Guam. Santos denied the allegations and retained private counsel to defend against the claims asserted in the complaint.

During the course of the litigation, Santos filed a Third-Party Complaint against the Government of Guam and certain government officials, seeking declaratory relief concerning which governmental entity would be responsible for reimbursing attorney's fees in the event he was exonerated of wrongdoing under the statutory framework set forth in 5 GCA § 7111. The Government of Guam and other third-party defendants moved to dismiss the Third-Party Complaint. The Court denied those motions, allowing the claims to proceed past the pleading stage without resolving the merits of any entitlement to attorney's fees at that time.

The underlying taxpayer action was later resolved through dispositive motion practice. On August 22, 2025, the Court granted summary judgment in favor of Santos, concluding that the record did not support Plaintiff's claims and that Santos was entitled to judgment as a matter of law. The Court's ruling fully resolved the claims asserted against Santos and resulted in his exoneration from the allegations of wrongdoing raised in the complaint.

Following the entry of summary judgment, Santos filed the present Motion for Attorney's Fees pursuant to 5 GCA § 7111, seeking reimbursement of attorney's fees incurred in defending the action. In support of the motion, Santos submitted the Declaration of Edwin J. Torres and accompanying billing records documenting the legal services performed in connection with the defense of this litigation. The Office of the Attorney General, on behalf of the Government of Guam, opposes the motion and contends that § 7111 does not authorize judicial fee awards, that sovereign immunity bars enforcement of any reimbursement obligation,

that Guam Rule of Civil Procedure 14 does not provide a procedural vehicle for the requested relief, and that the fees requested exceed the statute's defensive scope.

The motion is now before the Court for resolution.

## DISCUSSION

The Court begins by addressing whether 5 GCA § 7111 authorizes this Court to award attorney's fees in litigation brought under Chapter 7 of Title 5. The Court then considers whether Santos was exonerated within the meaning of the statute and whether reimbursement may be pursued through the Government Claims Act.

### I.      5 GCA § 7111 Does Not Authorize the Court to Award Attorney's Fees.

Guam follows the American Rule, under which parties ordinarily bear their own attorney's fees unless a statute, contract, or recognized equitable doctrine provides otherwise. *Fleming v. Quigley*, 2003 Guam 4 ¶ 7. When the Legislature expressly authorizes fee shifting by statute, courts may award attorney's fees consistent with the statutory framework. *Id.*

The present action arises under Chapter 7 of Title 5 of the Guam Code Annotated, entitled Enforcement of Proper Government Spending. *See* 5 GCA §§ 7101–7119. The Legislature enacted this chapter to ensure fiscal accountability and to provide taxpayers with a mechanism to challenge unlawful expenditures of public funds. *See* 5 GCA § 7101. Under the statute, a Guam taxpayer may bring suit to enjoin unlawful expenditures and to obtain a judgment requiring the return of improperly spent funds to the Government of Guam. 5 GCA § 7103.

The same statutory scheme also addresses the representation of government officers and the recovery of attorney's fees. Section 7111 provides that when a government officer or employee retains private counsel and is later "exonerated of any wrongdoing," the Government of Guam or the financially autonomous government entity employing the defendant "shall reimburse the defendants for their legal fees." 5 GCA § 7111. Section 7112 separately provides that "the court shall award reasonable costs and attorney's fees in favor of the taxpayer and resident who brings suit under this Chapter, against any defendants found liable under this Chapter." 5 GCA § 7112.

Reading these provisions together, the plain language of the statute demonstrates that the Legislature distinguished between attorney's fees awarded by a court and reimbursement obligations owed by the Government of Guam. Section 7112 expressly authorizes the Court to "award" attorney's fees to prevailing taxpayer plaintiffs. By contrast, § 7111 contains no language authorizing courts to award attorney's fees to exonerated government defendants. Instead, the statute provides only that the Government of Guam or the applicable financially autonomous entity "shall reimburse" defendants for their legal fees.

The Court must give effect to the Legislature's chosen language. Had the Legislature intended to authorize courts to directly award attorney's fees under § 7111, it could have used the same "court shall award" language employed in § 7112. It did not. The omission is significant and reflects the Legislature's intent that § 7111 operate as a reimbursement provision rather than a judicial fee-shifting mechanism.

Accordingly, the Court concludes that 5 GCA § 7111 does not authorize this Court to directly award attorney's fees in this action.

## II.    Santos Was Exonerated and May Seek Reimbursement Through the Government Claims Act.

Although the Court concludes that § 7111 does not authorize a direct judicial award of attorney's fees, the Court further finds that Santos was exonerated within the meaning of the statute.

The underlying taxpayer action was resolved through dispositive motion practice. On August 22, 2025, the Court granted summary judgment in favor of Santos, concluding that the record did not support Plaintiff's claims and that Santos was entitled to judgment as a matter of law. The Court's ruling fully resolved the claims asserted against Santos and resulted in his exoneration from the allegations of wrongdoing raised in the complaint.

Section 7111 expressly provides that where a government officer or employee retains private counsel and is later "exonerated of any wrongdoing," the Government of Guam or the financially autonomous entity employing the defendant "shall reimburse the defendants for their legal fees." 5 GCA § 7111.

Here, Santos retained private counsel and was later exonerated of wrongdoing. The statutory condition contemplated by § 7111 has therefore been satisfied. However, because § 7111 does not authorize a direct judicial award of attorney's fees, Santos's remedy lies in seeking reimbursement through the procedures established under the Government Claims Act.

The Court therefore concludes that Santos may seek reimbursement for legal fees incurred in defending this action through the Government Claims Act, but this Court lacks statutory authority under § 7111 to directly award attorney's fees in the present proceeding.

## CONCLUSION

Accordingly, Defendant Ignacio C. Santos's Motion for Attorney's Fees pursuant to 5 GCA § 7111 is DENIED. The Court finds that Santos was exonerated within the meaning of § 7111 and may seek reimbursement for legal fees through the Government Claims Act.


**IT IS SO ORDERED** _____JUN 0 5 2026_____.


_____
**HONORABLE ARTHUR R. BARCINAS**
**Judge, Superior Court of Guam**